IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLIE AUSTIN PARKS,

      Plaintiff,                    No. 2:10-cv-1804 MCE CKD P

    vs.

CHAPPELL, et al.

      Defendants.             <u>ORDER</u>

_____/

        Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, No. 09-15548 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion for summary judgment filed by defendants on September 9, 2011.[1] (Dkt. No. 23.) Plaintiff has filed an opposition to the motion for summary judgment. (Dkt. No. 28.)

        The motion arises under Rule 56 of the Federal Rules of Civil Procedure. It is a request for an order of judgment in favor of the defendants without trial. The motion sets forth the facts that the defendants contend are not reasonably subject to dispute and that entitle them to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's

---

[1] Plaintiff was first advised of these requirements on October 13, 2010. (Dkt. No. 12.)

1

statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendants without a trial and the case will be closed.

        Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

////
////
////
////
////
////
////

Plaintiff now having received the notice required under Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that plaintiff will be provided 21 days to file additional evidentiary materials regarding defendants' motion for summary judgment, but it is not required.  No extensions will be given.

Dated: July 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
kirk0373.not